MAHLON B. LLOYD

*v.*

AMELIA LLOYD.

</div>

DIVORCE—*whether insanity a cause for.* Insanity after marriage is not a ground for divorce.

APPEAL from the Circuit Court of Henry county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Mr. O. E. PAGE, for the appellant.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was for a divorce, and was exhibited by appellant against appellee, in the circuit court of Henry county, to the June term, 1872.

Two grounds are assigned : first, that appellee is insane, and has been for a period of over twenty years; and second, the effect the insanity of appellee has upon the business relations of appellant, as well as the business relations of others with whom he has had dealings in matters of real estate for the last twenty years.

It appears that the parties were married in the year 1840, and about the year 1852 appellee became insane, and was taken to the hospital, where she remained about five years, when she was discharged as incurable, and is now permanently and incurably insane.

There is no pretense that appellee was insane previous to her marriage with appellant.

It is conceded that insanity was not a cause for a divorce at common law, and that neither of the causes set out in the bill are among the specified causes of divorce enumerated in the statute.

The divorce is sought under the provisions of section 8 of chapter 23, R. S. 1845, which provides that, " in addition to the causes herein before provided for divorces from the bands of matrimony, courts of chancery in this State shall have full power and authority to hear and determine all causes for a divorce not provided for by any law of this State."

It is not necessary to discuss this case at any length.   It falls exactly within the rule stated in *Haymaker* v. *Haymaker*, 18 Ill. 137, and we see no reason for departing from the doctrine of that case.   The rule there stated is a wise and salutary one, and is dictated by every principle of a christian

humanity. It would be a harsh rule indeed that would permit a man, who has married a woman who later in life becomes insane, to put her away on account of her inexpressibly sad misfortune. It is to the credit of our common humanity that there can not be found, in all the range of judicial proceedings, a single case that holds that insanity is or could be a cause for a divorce.

There is no authority to be found in the statute or in common law, for granting a divorce on the ground of insanity, and the decree of the circuit court is affirmed.

*Decree affirmed.*