## A. R. LEE v. SAPHRONY ANN LEE.

(Filed 21 September, 1921.)

**Divorce—Separation—Insanity—Suit of Party at Fault.**

Our statute, C. S., 1659 (4), amended by ch. 63, Laws 1921, making a separation of husband and wife for five years a ground for absolute divorce, does not extend to granting the decree upon the suit of the party in fault, or where the other party has been forcibly separated by infirmity;

nor will the divorce be granted at the suit of the husband when the separation of the wife has been occasioned by her incarceration in a hospital for the insane.

APPEAL from *Connor, J.,* at Special July Term, 1921, of JOHNSTON.

This is an action by the husband for divorce. The plaintiff and defendant were married 31 May, 1896, and there were five children born to them. They lived together till 1910, when the wife was committed to the State Hospital for the Insane, and has not been home since. This is an action for divorce, alleging that "There has been a separation of husband and wife and that they have lived separate and apart for ten successive years."

Verdict and judgment for defendant. Appeal by plaintiff.

*Wellons & Wellons for plaintiff.*
*F. H. Brooks for defendant.*

CLARK, C. J. This appeal presents but one question. The court charged the jury that though the plaintiff and defendant had lived separate and apart for more than five years, Laws 1921, ch. 63, amending C. S., 1659 (4), such separation having been caused by incarceration in the State Hospital for the Insane, is not such separation as is contemplated in the statute under which this suit is brought.

The appellant rests his case solely upon the statement in *Cooke v. Cooke,* 164 N. C., 275, that "This statute is broad enough to include, and clearly does include, any kind of separation by which the marital association is severed." But the judge in that case immediately added: "And which may be made the subject of further judicial investigation. There is nothing in the law to indicate that the right conferred is dependent on the blame which may attach to the one party or the other, nor that the time which may be covered by a judicial divorce from bed and board shall be excluded from the statutory period, nor which permits the interpretation chiefly insisted upon by the defendant, that the statute applies only when there has been a separation by mutual consent of the parties."

The Court in that case was not extending the causes of divorce to instances in which the living apart was caused by insanity and immurement in the State Hospital, but was combatting the idea that the separation must be by mutual consent. It is very clear that the separation must be in contemplation of law a separation at least of the kind recognized by statute, and could not apply to cases where the party driving the other from the home, or who should desert the home, should be the party seeking to take advantage of his own wrong by pleading the

separation which he had caused. It is true that in *Cooke v. Cooke* the majority of the Court took the view that the application for the divorce was not required to be "by the party injured," but the statute has since been expressly changed, for this section (C. S., 1659) does now require that the action must be by "the party injured."

The party injured means the "party wronged by the action of the other." Where each party has been guilty of wrong, the defendant can plead recrimination. This statute goes no further than to allow a divorce where the separation has been by mutual consent or wrongful act of at least one of the parties, or by judicial decree, and has existed for five years.

It certainly was not intended that this statute should apply to cases where the separation was without fault on either side and involuntary, as in cases like this or incarceration in an asylum for the insane.

The word "separation" is thus defined in Black Law Dictionary, 1073: "In Matrimonial Law it means a cessation of cohabitation of husband and wife by mutual agreement," or in the case of judicial separation "under decree of court." To these our statute contemplates the addition of "separation" caused by desertion or abandonment, or other wrongful act of the party sued. It certainly does not intend to give an action for divorce to the party who has caused the separation by driving the other from the home, or has voluntarily deserted it for the specified period. C. S., 1660 (1) and (2).

It cannot be contended that the years spent by the wife in the hospital for the insane was desertion or a separation by mutual consent, or even a voluntary, much less a wrongful, act on her part.

There are numerous decisions which hold that insanity accruing after marriage is not ground for divorce. *Lloyd v. Lloyd,* 66 Ill., 87; *Powell v. Powell,* 18 Kan., 371; 26 Am. Rep., 774; *Pile v. Pile,* 97 Ky., 308.

The grounds for divorce are entirely statutory and vary in the different states. The status is thus summed up in 19 C. J., 71: "In some states insanity is made a ground for divorce by statute" (but it may be said that it seems this is confined to the State of Washington), "while in others a divorce is absolutely prohibited where either party is insane. In the absence of statute insanity arising after marriage is not ground for divorce." This State comes under the latter head.

While it is in the power of the Legislature of this State to make the misfortune of either party a ground for divorce, it has not done so, and the Court cannot by judicial construction extend the grounds of divorce beyond the statute. With us, the lawmaking power has adhered to the obligation of the marriage vow, that the parties "take each other for better or for worse, to live together in sickness and in health till death

do them part," with the exceptions only where the misconduct of the parties, and not their misfortunes, are made by our statute to justify the divorce.

Certainly the husband whose wife has been placed in the asylum for insanity has not been wronged by her, and he has no ground under our statute to a divorce from her, without any wrongful act on her part. Instead of insanity being a ground for divorce, the wife is still entitled to support from her husband, and to her dower as a support should she outlive him, and to other rights of which an innocent and faithful wife would be deprived should the misfortune of insanity be imputed to the wife as a ground for divorce. The same is true where the husband is the insane party.

No error.