SHERMAN E. LONG v. ANNA W. LONG.

(Filed 20 June, 1934.)

**Divorce A d: D a: Constitutional Law B a—Divorce is entirely statutory, and either party may bring action for divorce for separation.**

In a husband's suit for divorce on the ground of two years separation it appeared that he had married defendant under threat of prosecution for seduction, and that several months thereafter plaintiff and defendant entered a separation agreement, the agreement reciting the payment of $325.00 by plaintiff to defendant. The jury found the jurisdictional facts and that plaintiff and defendant had lived separate and apart from each other for more than two years, but that plaintiff was not the injured party. The trial court entered judgment on the verdict that plaintiff was not entitled to divorce, the court being of the opinion that the statute allowing either party to sue for divorce upon two years separation was unconstitutional in so far as it allowed plaintiff to take advantage of his own wrong and defeat the property rights defendant might have in his estate. *Held,* plaintiff was entitled to a decree of divorce upon the verdict, N. C. Code, 1659(a), divorce being exclusively statutory, and the General Assembly having the power to enact the statute, Const., Art. II, sec. 10.

SCHENCK, J., took no part in the consideration or decision of this case.

CIVIL ACTION, before *Barnhill, J.,* at December Term, 1933, of WILSON.

On 26 October, 1933, the plaintiff instituted an action for the pur-
pose of securing an absolute divorce from the defendant, his wife. It
was alleged that the parties were married on 14 March, 1929, "and
lived separate and apart since said marriage." That all property rights
existing because of said marriage have been settled and said agreement
recorded in the register of deeds office in Orange County, North Caro-
lina, in Book 93, pages 89 and 90." It was further alleged that the
plaintiff and the defendant had lived separate and apart for more than
two years. The summons was personally served but no answer was filed
by the defendant.

The trial judge submitted the following issues:

1. Were the plaintiff and the defendant duly married as alleged?

2. Have the plaintiff and the defendant lived separate and apart
for two years next preceding the filing of the complaint?

3. Has the plaintiff been a resident of the State of North Carolina
for one year next preceding the filing of complaint?

4. Is the plaintiff the party injured?

The jury answered the first three issues "Yes," and the fourth
issue "No."

Thereupon the following judgment was entered:

"This is an action for divorce instituted by the plaintiff, a resident
of Person County, against the defendant, a resident of Durham County,
in the Wilson County Superior Court. The cause comes on to be
heard before the undersigned judge and a jury, and being heard, the
jury answered the issues as will appear of record. The plaintiff having
testified that he married the defendant under threat of prosecution
for seduction, he at the time being the father of the defendant's unborn
child, and that after the marriage he refused to live with the defendant
and did not provide her with any home or otherwise make provision for
her to live with him, the jury answered the fourth issue, No, the court
being of the opinion that the statute which gives either party the right
to sue for a divorce upon two years separation is invalid and unconsti-
tutional insofar as it gives the person who commits the wrong the right
to take advantage of his own wrong and thereby sever the marital
contract and defeat the defendant of any property right she may have
in the plaintiff's estate, orders and adjudges that the relief prayed for
by the plaintiff be and the same is hereby denied.

"It is further ordered and adjudged that the marriage contract be-
tween the plaintiff and defendant is still a valid, subsisting contract.

"It is further ordered and adjudged that the plaintiff pay the costs
of this action."

It appears that on 4 June, 1929, the plaintiff and the defendant
entered into a separation agreement. The agreement declares that the
parties were married on 14 March, 1929, but have not lived together

as man and wife, and that "it is mutually agreeable that they shall live separate and apart from the other," etc. The agreement further recites the payment of the sum of $325.00 to the defendant by the plaintiff.

From the foregoing judgment the plaintiff appealed.

*B. I. Satterfield for plaintiff.*
*No counsel for defendant.*

BROGDEN, J. In order to secure an absolute divorce upon the ground of two years separation as provided in C. S. (Michie's Code, 1931), 1659(a), and chapter 163, Public Laws of 1933, must the applicant for such divorce be "the injured party?"

The Constitution of North Carolina in Article II, section 10, provides: "The General Assembly shall have power to pass general laws regulating divorce and alimony, but shall not have power to grant a divorce or secure alimony in any individual case." This clause is the only limitation imposed upon the power of the General Assembly with reference to divorce. Consequently, it is obvious that the jurisdiction of the Superior Court in regard to granting divorces is exclusively statutory. See *Saunderson v. Saunderson,* 195 N. C., 169, 141 S. E., 572; *Smithdeal v. Smithdeal, ante,* 397; 9 N. C. Law Review, page 368. Chapter 163, Public Laws of 1933, is an independent act of the General Assembly providing in substance that "marriage may be dissolved . . . on application of either party," etc. The statute gives and the statute takes away.

Hence upon the verdict of the jury the plaintiff was entitled to a decree of absolute divorce.

Reversed.

SCHENCK, J., took no part in the consideration or decision of this case.