SCHENCK, J., took no part in the consideration or decision of this case.
On 26 October, 1933, the plaintiff instituted an action for the purpose of securing an absolute divorce from the defendant, his wife. It was alleged that the parties were married on 14 March, 1929, "and lived separate and apart since said marriage." That all property rights existing because of said marriage have been settled and said agreement recorded in the register of deeds office in Orange County, North Carolina, in Book 93, pages 89 and 90." It was further alleged that the plaintiff and the defendant had lived separate and apart for more than two years. The summons was personally served but no answer was filed by the defendant.
The trial judge submitted the following issues:
1. Were the plaintiff and the defendant duly married as alleged?
2. Have the plaintiff and the defendant lived separate and apart for two years next preceding the filing of the complaint?
3. Has the plaintiff been a resident of the State of North Carolina for one year next preceding the filing of complaint?
4. Is the plaintiff the party injured?
The jury answered the first three issues "Yes," and the fourth issue "No."
Thereupon the following judgment was entered:
"This is an action for divorce instituted by the plaintiff, a resident of Person County, against the defendant, a resident of Durham County, in the Wilson County Superior Court. The cause comes on to be heard before the undersigned judge and a jury, and being heard, the jury answered the issues as will appear of record. The plaintiff having testified that he married the defendant under threat of prosecution for seduction, he at the time being the father of the defendant's unborn child, and that after the marriage he refused to live with the defendant and did not provide her with any home or otherwise make provision for her to live with him, the jury answered the fourth issue, No, the court being of the opinion that the statute which gives either party the right to sue for a divorce upon two years separation is invalid and unconstitutional insofar as it gives the person who commits the wrong the right to take advantage of his own wrong and thereby sever the marital contract and defeat the defendant of any property right she may have in the plaintiff's estate, orders and adjudges that the relief prayed for by the plaintiff be and the same is hereby denied.
"It is further ordered and adjudged that the marriage contract between the plaintiff and defendant is still a valid, subsisting contract.
"It is further ordered and adjudged that the plaintiff pay the costs of this action."
It appears that on 4 June, 1929, the plaintiff and the defendant entered into a separation agreement. The agreement declares that the parties were married on 14 March, 1929, but have not lived together *Page 708 
as man and wife, and that "it is mutually agreeable that they shall live separate and apart from the other," etc. The agreement further recites the payment of the sum of $325.00 to the defendant by the plaintiff.
From the foregoing judgment the plaintiff appealed.
In order to secure an absolute divorce upon the ground of two years separation as provided in C.S. (Michie's Code, 1931), 1659(a), and chapter 163, Public Laws of 1933, must the applicant for such divorce be "the injured party?"
The Constitution of North Carolina in Article II, section 10, provides: "The General Assembly shall have power to pass general laws regulating divorce and alimony, but shall not have power to grant a divorce or secure alimony in any individual case." This clause is the only limitation imposed upon the power of the General Assembly with reference to divorce. Consequently, it is obvious that the jurisdiction of the Superior Court in regard to granting divorces is exclusively statutory. See Saunderson v.Saunderson, 195 N.C. 169, 141 S.E. 572; Smithdeal v. Smithdeal, ante, 397; 9 N.C. Law Review, page 368. Chapter 163, Public Laws of 1933, is an independent act of the General Assembly providing in substance that "marriage may be dissolved . . . on application of either party," etc. The statute gives and the statute takes away.
Hence upon the verdict of the jury the plaintiff was entitled to a decree of absolute divorce.
Reversed.
SCHENCK, J., took no part in the consideration or decision of this case.