ROBERT A. REYNOLDS v. EMMA REYNOLDS.

(Filed 18 September, 1935.)

1. **Divorce A d—Where separation is result of criminal act of plaintiff he may not maintain action for divorce on ground of separation.**

   Plaintiff was living separate and apart from his wife and paying certain sums to her from time to time under the terms upon which judgment for abandonment and assault upon her was suspended. *Held:* Plaintiff may

not maintain an action for divorce upon the grounds of two years separation, C. S., 1659 (a), the law not permitting the maintenance of an action based in whole or in part upon the violation by the plaintiff of the criminal laws of the State. *Campbell v. Campbell*, 207 N. C., 859, and *Long v. Long*, 206 N. C., 706, cited and distinguished.

**2. Actions A c——**

A plaintiff may not maintain a civil action based upon his own violation of the criminal law of the State.

APPEAL by defendant from *Warlick, J.,* at April Term, 1935, of BUNCOMBE.

Civil action for divorce on the ground of two-years separation, tried upon the usual issues, resulting in verdict for the plaintiff.

In bar of plaintiff's right to maintain the action, the defendant alleges:

"1. That the plaintiff's alleged cause of action as set forth in his complaint, to wit, two years of separation from his wife as grounds for absolute divorce, is based solely and exclusively upon a violation by himself of the criminal laws of the State of North Carolina and to the judgment of the court imposed upon the plaintiff in consequence of his conviction of the crimes of assault and battery upon his wife and for the wilful abandonment and nonsupport by the plaintiff of his wife and their infant children, for which said violations of the criminal laws the plaintiff has heretofore been tried and convicted by a court of competent jurisdiction and is now undergoing execution of the sentence imposed by the court upon him for said crimes, that is to say: the plaintiff herein, as a condition imposed by the court upon which prayer for judgment would be continued or a sentence to imprisonment would be suspended, is living separate and apart from his wife and is paying into court from time to time certain sums of money for the support and maintenance of his said wife and their infant children.

"2. That the plaintiff, in violation and disregard of the orders of the court made in the criminal actions referred to in the preceding paragraph, has failed and neglected to make full payment of the amounts required to be paid for the support of his wife and their infant children, and at the time of the commencement of this action, the plaintiff was in arrears to the extent of more than $140.00 on that account, as well as $220.00 for hospital and medical bills."

The court ruled that the defense pleaded was no bar to the plaintiff's right to prosecute the action, and excluded the evidence offered by the defendant to prove her allegations. Exception.

From a judgment on the verdict dissolving the bonds of matrimony existing between the parties, the defendant appeals, assigning errors.

*Worth McKinney for plaintiff.*
*James E. Rector for defendant.*

STACY, C. J. May a husband ground an action for divorce, under C. S. 1659 (a), on his own criminal conduct towards his wife? The answer is, No. *Teasley v. Teasley,* 205 N. C., 604, 172 S. E., 197. Any other holding would be a reproach to the law. *Bean v. Detective Co.,* 206 N. C., 125, 173 S. E., 5. The decisions in *Campbell v. Campbell,* 207 N. C., 859, and *Long v. Long,* 206 N. C., 706, 175 S. E., 85, are not authorities to the contrary, for in neither of these cases was there a plea in bar based upon plaintiff's alleged criminal conduct towards the defendant.

"It is very generally held—universally, so far as we are aware—that an action never lies when a plaintiff must base his claim, in whole or in part, on a violation by himself of the criminal or penal laws of the State"—*Hoke, J.,* in *Lloyd v. R. R.,* 151 N. C., 536, 66 S. E., 604. In Waite's Actions and Defenses, Vol. 1, p. 43, the principle is broadly stated, as follows: "No principle of law is better settled than that which declares that an action cannot be maintained upon any ground or cause which the law declares to be illegal," citing *Davidson v. Lanier,* 4 Wallace, 447; *Rolfe v. Delmar,* 7 Rob., 80; *Stewart v. Lothrop,* 12 Gray, 52; *Howard v. Harris,* 8 Allen, 297; *Pearce v. Brooks,* L. R. 1 Exch., 213; *Smith v. White,* L. R. 1 Eq. Cases, 626.

To say that civil rights, enforceable through the courts, may inure to one out of his own violation of the criminal law, and against the very person injured, would be to blow hot and cold in the same breath, or, Janus-like, to look in both directions at the same time. The law is not interested in such double dealing or slight-of-hand performances; it sets its face like flint in the opposite direction.

There was error in declining to hear the defendant's plea. Let the verdict and judgment be set aside and the cause remanded for another hearing.

New trial.