## LARKIN FULLER PARKER v. HATTIE JOHNSON PARKER.

### (Filed 15 June, 1936.)

**Divorce A d—Party abandoning spouse is not entitled to divorce on ground of two years separation.**

> The right to a divorce on the ground of two years separation is based upon a "separation" which is predicated upon a prior agreement, and means more than "abandonment," and while the applicant need not be the injured party, the statute does not authorize a divorce where the husband has separated himself from his wife, or the wife has separated herself from her husband, without cause and without agreement, express or implied. N. C. Code, 1659 (a).

APPEAL by defendant from *Clement, J.,* at March Term, 1936, of ROCKINGHAM. New trial.

This is an action for divorce, on the ground that after their marriage the plaintiff and the defendant separated from each other, and since such separation have lived separate and apart for more than two years.

The issues submitted to the jury were answered as follows:

"1. Were the plaintiff and the defendant married to each other, as alleged in the complaint? Answer: 'Yes.'

"2. Have the plaintiff and the defendant lived separate and apart from each other for a period of two years next preceding the institution of this action, and the filing of the complaint? Answer: 'Yes.'

"3. Has the plaintiff been a resident and citizen of the State of North Carolina for one year next preceding the institution of this action? Answer: 'Yes.'

"4. Has the plaintiff willfully abandoned the defendant and failed to support her adequately? Answer: 'No.' "

From judgment that the bonds of matrimony heretofore existing between the plaintiff and the defendant be and that they are dissolved, the defendant appealed to the Supreme Court, assigning errors in the trial.

*W. R. Dalton and P. W. Glidewell for plaintiff.*
*Pritchard & James for defendant.*

CONNOR, J.   At the trial of this action, the court instructed the jury as follows:

"The burden is on the plaintiff, gentlemen of the jury, to satisfy you by the greater weight of the evidence that *he* has lived separate and apart from the defendant for a period of two years or more, and if he has so satisfied you that *he* has lived separate and apart from her for a period of two years, or for a longer period than two years, then it will be your duty to answer the second issue 'Yes'; otherwise, you would answer the issue 'No.'

On her appeal to this Court, the defendant assigns this instruction as error.   The assignment is sustained.

The statute applicable to this action is chapter 72, Public Laws of North Carolina, 1931, as amended by chapter 163, Public Laws of North Carolina, 1933, and reads as follows:

"Marriages may be dissolved and the parties thereto divorced from the bonds of matrimony, on application of either party, if and when there has been a separation of husband and wife, either under a deed of separation or otherwise, and they have lived separate and apart from each other for two years, and the plaintiff in the suit for divorce has resided in this State for a period of one year."   N. C. Code of 1935, section 1659 (a).

This statute authorizes a divorce on the application of either the husband or the wife, without regard to whether or not the applicant is the injured party (*Long v. Long,* 206 N. C., 706, 175 S. E., 85; *Campbell v. Campbell,* 207 N. C., 859, 176 S. E., 250), where there has been a voluntary separation, under a deed of separation or otherwise, of husband and wife, and after such separation they have lived separate and apart from each other for two years.   It does not authorize a divorce where the husband has separated himself from his wife, or the wife has separated herself from her husband, without cause and without an agreement, express or implied, although after such separation, he or she has

lived separate and apart from the abandoned wife or husband for two years. It is manifest from the language of the statute that it was not the purpose of the General Assembly to authorize a divorce in this State where a husband has abandoned his wife, without cause, as in the instant case, and in disregard of his legal and moral duty, has absented himself from her for more than two years, although he has from time to time provided her with money for her support.

The word "separation," as applied to the legal status of a husband and wife, means more than "abandonment"; it means "A cessation of cohabitation of husband and wife, by mutual agreement." *Lee v. Lee,* 182 N. C., 61, 108 S. E., 352.

Where a husband and wife have lived separate and apart from each other for two years, following a separation by mutual agreement, express or implied, their marriage may be dissolved; but where they have lived separate and apart from each other for two years, without a previous agreement between them, neither is entitled to a divorce, under the statute, C. S., 1659 (a).

The defendant is entitled to a new trial. It is so ordered.

New trial.