### G. G. HYDER v. MARY J. HYDER.

(Filed 14 October, 1936.)

**Divorce A d—Where husband abandons wife, he is not entitled to divorce on ground of two years separation.**

In a suit under N. C. Code, 1659 (a), for divorce on the ground of two years separation, plaintiff is entitled to relief only if there has been a legal separation, which depends upon a voluntary separation under an agreement, express or implied, and where defendant alleges that plaintiff had unlawfully abandoned her, it is error for the trial court to rule that evidence in support of such allegation is irrelevant, or to refuse to submit an issue tendered by defendant upon this question, since plaintiff is not entitled to the relief prayed if the parties had lived separate and apart as the result of plaintiff's unlawful abandonment of defendant.

STACY, C. J., concurs in result.

HYDER *v.* HYDER.

APPEAL by defendant from *McElroy, J.,* at April Term, 1936, of BUNCOMBE. New trial.

This is an action for the dissolution of the marriage of plaintiff and defendant, and the divorce of plaintiff from defendant, under the provisions of chapter 72, Public Laws of North Carolina, 1931, as amended by chapter 163, Public Laws of North Carolina, 1933. (N. C. Code of 1935, section 1659 [a].)

The action was begun in the Superior Court of Buncombe County on 27 November, 1934.

It is alleged in the complaint and admitted in the answer (1) that plaintiff is now and has been for more than forty years a resident of the State of North Carolina; (2) that defendant is a resident of Mecklenburg County, in said State; and (3) that plaintiff and defendant were married to each other on 25 December, 1900.

In his complaint the plaintiff alleges that "on or about the latter part of November, 1928, the plaintiff and defendant separated from each other, and since said time have lived separate and apart."

In her answer the defendant admits that "the plaintiff and defendant were separated during the latter part of November, 1928, and that they have lived separate and apart since that time." She further alleges that "the plaintiff herein, Govan G. Hyder, and the defendant Mary J. Hyder were separated in 1928, due to the wrongful acts and conduct of the plaintiff herein, in that he took the defendant to her original home in Mecklenburg County, and there deserted and abandoned her. The said desertion and abandonment was due to no fault known to this defendant, but solely to the wrongful and unlawful conduct of the plaintiff." In his reply, the plaintiff denies this allegation of the answer.

When the action was called for trial, the plaintiff tendered the following issues for submission to the jury:

"1. Were the plaintiff and defendant married, as alleged in the complaint?

"2. Has the plaintiff resided in North Carolina for a period of one year?

"3. Has there been a separation of husband and wife, and have they lived separate and apart for two years, as alleged in the complaint?"

The defendant made no objection to the foregoing issues, but tendered the following as an additional issue:

"4. Has the said separation of husband and wife been due to the criminal and unlawful acts of the husband, as alleged in the answer?"

The court declined to submit the issue tendered by the defendant, and the defendant excepted.

At the trial, the plaintiff, as a witness in his own behalf, testified as follows:

"I am the plaintiff in this case. I am a resident of the State of North Carolina, and have been all my life. I am 59 years of age. The defendant in this case is my wife. We were married in 1900, but we are not living together as husband and wife now. We were separated in 1928, I believe in November of that year, and have continuously lived separate and apart from each other since 1928."

On his cross-examination the witness was requested by counsel for the defendant to explain the facts surrounding the separation in 1928, and to tell the jury why he and the defendant were separated in 1928. The objection of the plaintiff was sustained, and the defendant excepted.

The court ruled that no evidence tending to show the facts and circumstances under which the plaintiff and defendant were separated in 1928 was competent, and in deference to this ruling, to which the defendant duly excepted, the defendant offered no evidence in support of the allegations of her answer.

Each of the issues submitted to the jury was answered "Yes."

From judgment dissolving the bonds of matrimony between the plaintiff and defendant, and divorcing the plaintiff from the defendant, the defendant appealed to the Supreme Court, assigning as error the refusal of the trial court to submit to the jury the issue tendered by the defendant and the ruling of said court that no evidence tending to support the allegations of her answer was competent or admissible at the trial of the action.

*Sale, Pennell & Pennell and G. C. Franklin for plaintiff.*
*Mark W. Brown for defendant.*

CONNOR, J. Chapter 72, Public Laws of North Carolina, 1931, as amended by chapter 163, Public Laws of North Carolina, 1933 (N. C. Code of 1935, sec. 1659 [a]), reads as follows:

"SECTION 1. Marriages may be dissolved and the parties thereto divorced from the bonds of matrimony, on the application of either party, if and when there has been a separation of husband and wife, either under a deed of separation or otherwise, and they have lived separate and apart for two years, and the plaintiff in the suit for divorce has resided in the State for a period of one year.

"SEC. 2. That this act shall be in addition to other acts and not construed as repealing other laws on the subject of divorce.

"SEC. 3. That this act shall be in force from and after its ratification."

This act was in full force at the date of the commencement of this action. The plaintiff relies upon its provisions for the relief prayed for in his complaint. He does not rely upon the provisions of subsection 4 of C. S., 1659. For that reason, he does not allege, nor was he required

to prove, that "he is the injured party," as would have been the case had he relied upon its provisions.  *Sanderson v. Sanderson,* 178 N. C., 339, 100 S. E., 590.

Construing the statute applicable to this action, it was said in *Parker v. Parker, ante,* 264, 186 S. E., 346:

"This statute authorizes a divorce on the application of either the husband or the wife, without regard to whether or not the applicant is the injured party (*Long v. Long,* 206 N. C., 706, 175 S. E., 85; *Campbell v. Campbell,* 207 N. C., 859, 176 S. E., 250), when there has been a voluntary separation, under a deed of separation or otherwise, of husband and wife, and after such separation they have lived separate and apart from each other for two years.  It does not authorize a divorce when the husband has separated himself from his wife, or the wife has separated herself from her husband, without cause and without an agreement, express or implied, although, after such separation, he or she has lived separate and apart from the abandoned wife or husband for two years."

In the instant case, the defendant in her answer denied that there had been a separation of plaintiff and defendant in 1928.  She alleged that plaintiff had wrongfully and unlawfully abandoned and deserted her. If such be the case, the plaintiff is not entitled to a dissolution of the marriage, and a divorce from the bonds of matrimony between him and the defendant in this action.  *Parker v. Parker, supra; Reynolds v. Reynolds,* 208 N. C., 428, 181 S. E., 338.

There was error in the refusal of the trial court to submit the issue tendered by the defendant, and in its ruling that evidence tending to show that plaintiff wrongfully and unlawfully abandoned and deserted the defendant was not admissible at the trial of this action.  The defendant is entitled to a new trial.  It is so ordered.

New trial.

STACY, C. J., concurs in result.