FRED G. WOODRUFF v. BERT NICHOLS WOODRUFF.

(Filed 31 May, 1939.)

1. **Judgments § 22b—**

   A motion in the cause is the proper remedy to attack a judgment for intrinsic fraud.

2. **Divorce § 2a—Definition of separation constituting ground for divorce.**

   The word "separation" as used in C. S., 1659 (4), as amended, means a voluntary separation by mutual agreement with the intent on the part of at least one of the parties to discontinue all the marital privileges and responsibilities, or a separation under judicial decree, or a separation caused by the abandonment or wrongful act of the party sued.

3. **Same—**

   A physical separation caused by the commitment of one of the parties for insanity is not a "separation" constituting ground for divorce, nor may the party committed consent to a separation during the continuance of the mental incapacity.

**4. Same—**

Where, after physical separation the husband continues to contribute to the support of the wife, the making of such contributions negatives an intention on his part to terminate the marital privileges and responsibilities necessary to a separation within the meaning of C. S., 1659 (4), as amended.

**5. Divorce § 4—**

The statutory affidavit in an action for divorce is jurisdictional, and a false affidavit knowingly made will not support a decree.

**6. Judgments § 22f—Cause remanded for specific findings relating to fraud in affidavit and evidence of separation in this action for divorce.**

Defendant wife in this action for divorce on the ground of two years separation made this motion in the cause to set aside the divorce decree on the ground of fraud, and offered evidence that at the time plaintiff alleged in his affidavit that the parties had agreed to a separation she was mentally incompetent and confined to a sanatorium. *Held:* The court's finding that there was no evidence of fraud in obtaining the divorce decree is error, and the cause is remanded for specific findings as to the mental status of defendant at the time plaintiff alleged the legal separation had taken place and as to whether plaintiff had knowledge of the facts at the time of making the statutory affidavit and at the time he offered evidence of a legal separation.

**7. Same—**

The fact that subsequent to a decree of divorce the plaintiff remarries does not preclude defendant from attacking the decree for fraud, since defendant is no less innocent than the person whom plaintiff subsequently married.

APPEAL by defendant from *Sink, J.,* at March Term, 1939, of GUILFORD. Error and remanded.

Motion in the cause made by defendant to set aside a decree of divorce entered at the November, 1937, Term of Superior Court of Guilford County, for that the plaintiff was guilty of a fraud and imposition upon the court in alleging that there had been a separation for two years by mutual consent, and in offering evidence in support thereof, and in making statutory affidavit to the complaint, when he well knew at the time that during the first of the alleged two years of separation the defendant was insane and was represented by guardian, and that the purported judgment was procured by perjured testimony.

Plaintiff instituted his action for divorce 23 August, 1937. In his complaint he alleges that the plaintiff and defendant became separated by mutual agreement on or about 1 August, 1935, and have continued to live separate and apart since that date. Summons was served by publication, the defendant being at the time in Washington, D. C. At the November Term, 1937, appropriate issues were submitted to and answered by a jury in favor of the plaintiff. A judgment decreeing an

absolute divorce and dissolving the bonds of matrimony between the plaintiff and defendant was thereupon entered.

On 13 January, 1939, defendant filed her petition and motion in the cause, in which it is alleged that the defendant was insane from 26 October, 1931, to 21 February, 1936; that she was confined in an institution; and that a guardian who lived in the city of the residence of the plaintiff had been appointed, all to the knowledge of the plaintiff.

The plaintiff in his answer to the petition asserts under oath that "he has provided and paid $25.00 per month for her (defendant's) support and maintenance, in addition to that contributed by the government, since the separation on 1 August, 1935, to and including November, 1937." He alleges further, however, that the defendant was restored to sanity on or about 1 August, 1935, the time he alleges the separation took place.

The defendant filed an affidavit in which it is stated that she did not obtain any knowledge of the entry of the decree of divorce until about 15 September, 1938, and that, considering her physical condition, she acted with reasonable promptness thereafter. The defendant also offered documentary evidence tending to show that she was adjudged mentally incompetent 9 October, 1931; that she was adjudged mentally competent 3 January, 1936; and that she was duly adjudged to be competent and her guardian was discharged by order of the Superior Court of Guilford County dated 21 February, 1936.

When the cause came on to be heard the court below found certain facts, including the following: "3. That there is no evidence that plaintiff has practiced any fraud either upon this court or the defendant." It was thereupon adjudged that the divorce proceeding was in all respects regular, that the decree of divorce is binding upon the parties thereto, and that the motion of the defendant be overruled and her petition dismissed.. The defendant excepted and appealed.

R. Parker Waynick and Frazier & Frazier for plaintiff, appellee.
O. W. Duke for defendant, appellant.

BARNHILL, J. As the defendant alleges intrinsic fraud motion in the cause is her proper remedy. Horne v. Edwards, ante, 622, and cases there cited.

Plaintiff's original action was instituted under the provisions of C. S., 1659 (4) as amended. Except where the separation is in consequence of a criminal act committed by the defendant prior to such divorce proceedings, "a separation of husband and wife" as used in the statute means more than merely living apart. Business and other necessities sometimes require the husband to live at one place and the

wife at another. This does not mean necessarily that there has been a separation within the meaning of the statute. The statute, express in terms and plain of meaning, is broad enough to include, and clearly does include, any kind of separation by which the marital association is severed, and which may be made the subject of further judicial investigation. It means the living asunder of a man and wife. It is a voluntary act, except in case of imprisonment for crime, and the separation must be with intent on the part of at least one of the parties to discontinue all of the marital privileges and responsibilities, or it must be due to the wrongful act of at least one of the parties, or by judicial decree. *Cooke v. Cooke,* 164 N. C., 272, 80 S. E., 178.

The word "separation" is thus defined in Black's Law Dictionary, 1073 : "In Matrimonial Law it means a cessation of cohabitation by husband and wife by mutual agreement," or in case of judicial separation "under decree of court." To these our statute contemplates the addition of "separation" caused by desertion or abandonment or other wrongful act of the party sued. *Lee v. Lee,* 182 N. C., 61, 108 S. E., 352.

It certainly was not intended that this statute should apply to cases where the separation was without fault on either side and involuntary (except in case of imprisonment for crime) as in cases of incarceration in an asylum for the insane. It cannot be contended that the years spent by the wife in the hospital for the insane was desertion or a separation by mutual consent, or even voluntary, much less a wrongful act on her part. *Brown v. Brown,* 182 N. C., 42, 108 S. E., 380; *Lee v. Lee, supra; Sitterson v. Sitterson,* 191 N. C., 319, 131 S. E., 641.

The court below was in error in finding that there was no evidence that plaintiff has practiced any fraud either upon the court or upon the defendant. If, as her testimony tends to show, the defendant was on 1 August, 1935 (the day of the alleged separation) and for more than twelve months thereafter *non compos* there has been no two-year separation between the plaintiff and the defendant within the meaning of the statute. Under these conditions she was incapable of forming an intent to discontinue the marital privileges and responsibilities or of voluntarily assenting to a separation.

If, as the defendant admits in his affidavit, he has recognized his marital responsibilities and voluntarily contributed to the support of the defendant during the full period he alleges that he and his wife were living apart, his conduct in so doing indicates that he recognized his responsibilities as husband and tends to refute the suggestion of an intention on his part to voluntarily assent to a legal separation. It follows that if he, with knowledge that at the beginning and during the major portion of the period he alleges that he and his wife were living

separate and apart, she was *non compos* and had a guardian duly appointed by the court, offered testimony that there had been a voluntary separation, or a separation due to the wrong of the defendant, for a period of two years next prior to the institution of the action, this constituted a fraud and imposition upon the court and the defendant. The same conclusion follows if during said period he, by contributing to her support, continued the relationship of husband and wife.

Furthermore, it is well established in this Court that the affidavit the statute requires in connection with a complaint for divorce is jurisdictional. *Holloman v. Holloman,* 127 N. C., 15, 37 S. E., 68; *Nichols v. Nichols,* 128 N. C., 108, 38 S. E., 296. A complaint in a divorce action accompanied by a false statutory affidavit, knowingly made, is as fatal as a complaint without the affidavit.

There should be specific findings of fact made as to the mental status of the defendant at the beginning and during the earlier part of the two years plaintiff alleges he and his wife lived separate and apart, and as to whether the plaintiff knowingly made a false affidavit in respect thereto, or knowingly offered false testimony as to the legal separation of plaintiff and defendant. This would include a finding as to whether in fact she had been adjudged insane, and as to whether plaintiff had knowledge of such fact at the time he made the statutory affidavit, and at the time he offered evidence to support the third issue submitted to the jury. Adjudication of the rights of the parties upon defendant's motion should be made after consideration of the facts thus found.

It was suggested here that the plaintiff has remarried and that the rights of his second wife, an innocent party, have intervened. If the facts are as alleged by the defendant she is equally innocent. One must suffer. The facts as they are finally made to appear must determine which one of the two, if either, is to be the victim. We could not hold that a first wife, who is innocent of any wrongdoing and who, due to mental incapacity, has not voluntarily assented to a separation, against whom a decree of divorce has been entered through the wrong of the husband, is any less innocent than the second wife who entered into the contract of marriage believing the divorce decree to be valid.

The cause is remanded for further proceedings in accord with this opinion.

Error and remanded.