RAYMOND L. WILLIAMS v. DONA LEE WILLIAMS.

(Filed 1 March, 1944.)

**1. Divorce §§ 2a, 8—**

In an action for divorce, based upon two years separation by mutual consent, the plaintiff must not only show that he and the defendant have lived separate and apart for the statutory period, but also that the separation was voluntary in its inception.

**2. Same—**

There can be no voluntary separation as a ground for divorce without the conscious act of both of the parties, by an agreement expressed or implied; and there can be no agreement, assent or acquiescence on the part of a spouse who is mentally incapable of assenting.

**3. Same—**

If a plaintiff, in a divorce action on grounds of separation, contributes to the support of his wife, solely in an attempt to fulfill the obligation imposed by statute, his conduct is not inconsistent with a legal separation; but, if he makes such payments in recognition of his marital status and in discharge of his marital obligations, there is no living separate and apart within the meaning of the statute.

APPEAL by defendant from *Thompson, J.,* at September Term, 1943, of CURRITUCK.   New trial.

Civil action for divorce on grounds of two years separation.

Plaintiff and defendant were married in 1924.   They have four children, the last of which was born 20 June, 1941.   In 1938 they were in

New York, and plaintiff had defendant confined in an institution for the feeble-minded. She was first sent to the Jewish Hospital, then to Kings County Observation Ward, and from there to an institution in Brooklyn. Plaintiff could not get her out, and so he borrowed money and had her transferred to a private institution. She was released from this institution in November, 1938. In 1940 he had her confined in the U. S. Public Health Service Institution at Norfolk, and on 6 July, 1939, she was committed to the Eastern State Hospital at Williamsburg "as insane." She obtained a furlough on 22 December, 1940, and received a discharge "as restored" 29 January, 1942.

Plaintiff relies upon a separation by mutual agreement entered into orally on 9 January, 1941. He testified that on that date they had a conversation in which she said she did not want to live with him any longer and wanted a divorce; that when she insisted he told her, "I am through and I won't ever have anything more to do with you. I will help you in any way I can." He further testified that he then separated himself from the defendant with the intent to discontinue all marital relations and has since lived separate and apart from her.

Defendant denied the agreement and offered evidence tending to show that he thereafter contributed to her support, and that they visited and cohabited for some time after the alleged agreement.

The usual issues of residence, marriage, and separation were submitted to and answered by the jury in favor of the plaintiff. From judgment on the verdict defendant appealed.

*Chester R. Morris and R. Clarence Dozier for plaintiff, appellee.*
*M. B. Simpson for defendant, appellant.*

BARNHILL, J. The court below failed to instruct the jury as to the law applicable to the evidence offered by the defendant tending to show that at the time of the alleged agreement she was mentally incapable of consenting to or acquiescing in a separation. This is the basis of defendant's primary exception.

The meaning of the terms "separation" and "separate and apart" has been fully and sufficiently discussed in a number of recent decisions of this Court. *Lee v. Lee,* 182 N. C., 61, 108 S. E., 352; *Woodruff v. Woodruff,* 215 N. C., 685, 3 S. E. (2d), 5; *Byers v. Byers,* 222 N. C., 298; *Byers v. Byers,* 223 N. C., 85; *Parker v. Parker,* 210 N. C., 264, 186 S. E., 346. Repetition here would be supererogatory.

To establish his cause of action, based on separation by mutual consent, plaintiff must not only show that he and the defendant have lived apart for the statutory period, but also that the separation was voluntary in its inception.

There can be no voluntary separation without the conscious act of both of the parties. There must be an agreement, express or implied. It must appear that they lived apart in a state of separation because of their mutual purpose to do so or because one so determined and the other assented or acquiesced.

But there can be no agreement, assent, or acquiescence on the part of a spouse who is mentally incapable of assenting. *Lee v. Lee, supra; Woodruff v. Woodruff, supra; Camire v. Camire,* 43 R. I., 489; *Pile v. Pile,* 94 Ky., 309; *Messick v. Messick,* 177 Ky., 337, 197 S. W., 792; *Galiano v. Monteleone,* 178 La., 567, 152 So., 126; 17 Am. Jur., 233; Anno. 51 A. L. R., 769; and 111 A. L. R., 872.

"It is, of course, well understood that when a ground of divorce is dependent upon the voluntary act or omission of a spouse the ground cannot exist if he is insane." *Ray v. Ray,* 19 Ala., 522; *Knabe v. Berman,* 111 A. L. R., 864.

There was evidence that plaintiff, after the alleged agreement, made provision for an allotment out of his salary as a member of the U. S. Coast Guard for the benefit of defendant, and also from time to time contributed to her support. The force and effect of this evidence is for the jury.

If the plaintiff, after parting from defendant, continued to contribute to her support solely in an attempt to fulfill the obligation imposed by statute, his conduct in this respect was not inconsistent with a legal separation. *Byers v. Byers,* 222 N. C., 298. Conversely, if he made such payments in recognition of his marital status and in discharge of one of his marital obligations, they were not living separate and apart within the meaning of the statute.

Here the evidence is conflicting. The motive which prompted the contributions is material. The court in its charge should explain the law as it applies to the different aspects of this testimony.

The defendant's indicated exceptive assignment of error must be sustained and a new trial awarded.

New trial.