LUCILLE REDDING MOODY v. JOE ALFRED MOODY.

(Filed 20 January, 1961.)

**1. Divorce and Alimony § 1—**

Divorce is purely statutory in this State. Constitution of North Carolina, Article II, § 10.

**2. Divorce and Alimony § 13—**

A separation due to a brain injury suffered by the husband, which rendered him irrational to the extent he could not form an intention to remain separate and apart from his wife, is not ground for divorce under G.S. 50-6, and when this situation appears from the facts alleged in the complaint, demurrer is properly sustained, it not appearing from

the complaint that the husband had been mentally competent for a period of two years at any time during the separation.

**3. Same—**

The fact that prior to separation arising by reason of brain injury suffered by the husband, both husband and wife had expressed an intent to separate from each other and terminate the marital relationship, is insufficient to support divorce on the ground of two years separation, since it is required that the separation be voluntary in its inception to come within the purview of the statute.

APPEAL by plaintiff from *Crissman, J.,* April 1960 Term, of RANDOLPH.

This is an action for divorce *a vinculo matrimonii.*

The complaint alleges in substance:

Plaintiff and defendant are and, for more than 6 months prior to the institution of this action, have been *bona fide* residents of North Carolina. They were married 26 July 1938. "On July 5, 1954, the defendant suffered a brain injury from which he has not yet fully recovered. Plaintiff and defendant have lived continuously separate and apart since July 5, 1954, and at no time since said date have they resumed their marital relationship. Such separation, on the part of this plaintiff, was with the intent to terminate their marital relation and to live continuously separate and apart. During the entire period of separation . . . defendant has lived with his father's family. The defendant has never been confined to an institution for the care and treatment of the mentally disordered. The separation of these parties was not caused by the incurable insanity of the defendant . . . . (d)efendant is not incurably insane but is merely incompetent to manage his own affairs because of the aforesaid injury. . . . (o)n occasions since their separation there have been periods during which the defendant was rational to the extent that he could form the intention to remain separate and apart from the plaintiff." On 24 July 1958 plaintiff conveyed to defendant all her right, title and interest in the real property owned by plaintiff and defendant, for the purpose of assisting in his support. "Immediately prior to the . . . separation plaintiff had intended to separate from the defendant and terminate their marital relation and the defendant had expressed to the plaintiff his intention to separate from . . . plaintiff and terminate their marriage." In a lunacy proceeding before the Clerk of Superior Court of Randolph County on 29 November 1955 defendant was declared incompetent "from want of understanding to manage his own affairs by reason of mental and physical weakness and on account of disease or injury," and a general guardian was appointed for him.

Defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action for absolute divorce.

The court entered judgment sustaining the demurrer and dismissing the action.

Plaintiff appealed and assigned errors.

*Moser and Moser for plaintiff.*
*Coltrane and Gavin for defendant.*

MOORE, J. The question for decision is whether or not the complaint states a cause of action for absolute divorce.

According to the fundamental law of this State "The General Assembly shall have power to pass general laws regulating divorce and alimony, but shall not have power to grant a divorce or secure alimony in any individual case." Constitution of North Carolina, Art. II, s. 10.

By reason of the constitutional provision, "divorce is purely statutory, and is under no obligation to the ecclesiastical or common law." *Byers v. Byers,* 222 N.C. 298, 303, 22 S.E. 2d 902. "The statute gives and the statute takes away." *Long v. Long,* 206 N.C. 706, 708, 175 S.E. 85 See also *Schlagel v. Schlagel, post,* 787; *Ellis v. Ellis,* 190 N.C. 418, 130 S.E. 7.

We have two statutes authorizing the granting of absolute divorce on the ground of two years separation. G.S. 50-5(4) and G.S. 50-6. For history and review of legislation permitting divorces because of separation, see *Byers v. Byers, supra;* 21 N.C. Law Review 347; 27 N. C. Law Review 453.

The instant action was instituted pursuant to G.S. 50-6. This statute provides for absolute divorce on application of either party, if husband and wife have lived separate and apart for two years and if plaintiff or defendant have resided in the State for six months.

The broad provisions of this statute have been construed in a number of cases. In *Byers v. Byers* (1942), *supra,* it is said: "It is still true that the bare fact of living separate and apart for the period of two years, standing alone, will not constitute a cause of action for divorce. There must be at least an intention on the part of one of the parties to cease cohabitation, and this must be shown to have existed at the time alleged as the beginning of the separation period; it must appear that the separation is with that definite purpose on the part of at least one of the parties. The exigencies of life and the necessity of making a livelihood may sometimes require that

MOODY *v.* MOODY.

the husband shall absent himself from the wife for long periods — a situation which was not contemplated by the law as a cause for divorce in fixing the period of separation." p. 304. See also *Mallard v. Mallard,* 234 N.C. 654, 68 S.E. 2d 247; *Young v. Young,* 225 N.C. 340, 34 S.E. 2d 154.

*Lawson v. Bennett,* 240 N.C. 52, 81 S.E. 2d 162, involves an action for absolute divorce on the ground of two years separation. It was prosecuted pursuant to G.S. 50-6. Defendant wife denied the alleged separation and asserted that she was induced to execute a deed of separation at a time when she did not have sufficient mental capacity to know the nature and consequences of her acts. The opinion delivered by *Winborne, J.,* now *C. J.,* declares: "The foremost question here is this: Where a spouse, the wife in the instant case, has suffered impairment of mind to such an extent that she does not have sufficient mental capacity to understand what she is engaged in doing, and the nature and consequences of her act, may the other spouse, the husband here, maintain an action against her for divorce on the ground of two years' separation, that is, under the provisions of G.S. 50-6? The trial judge held that he did not have such right, and, upon careful consideration of the question, this Court affirms. In this connection, the General Assembly has seen fit to legislate specifically and specially in respect to the granting of absolute divorce in all cases where a husband and wife have lived separate and apart by reason of the incurable insanity of one of them, upon the petition of the same (sane) spouse. G.S. 50-5, subsection 6, as amended. Therefore, in keeping with well established principle the remedy provided is exclusive. . . . Hence, the jury having answered the fourth issue in the negative, and the provisions of G.S. 50-5 (6) not having been invoked, the trial court properly held that plaintiff cannot maintain an action upon the grounds alleged in the complaint." pp. 57-8. See also *Taylor v. Taylor,* 225 N.C. 80, 33 S.E. 2d 492; *Williams v. Williams,* 224 N.C. 91, 29 S.E. 2d 39; *Lee v. Lee,* 182 N.C. 61, 108 S.E. 352. "Insanity is not generally recognized in any of the States of the United States as a ground for divorce unless made so by statute." *Mabry v. Mabry,* 243 N.C. 126, 129, 90 S.E. 2d 221.

At the very least, the holding in the *Lawson* case is in accord with the great weight of authority in the United States. In Nelson: Divorce and Annulment, 2d Ed., Vol. 1, it is said:

"Insanity contracted after a marriage obviously does not have any effect on the validity of the marriage contract, and, in the absence of a statute specifically providing that it shall be so, is not a ground for divorce. As a matter of fact, there is a distinct sentiment against

the granting of divorces on the ground of insanity, based, no doubt, upon the view that divorces should be granted because of fault and not misfortune. In many jurisdictions, however, divorce on the ground of insanity has been specifically provided for by statute, and the right of a legislature to include insanity as a ground for divorce has been sustained. . . . It is generally provided, however, that the condition must be incurable." s. 8.04, pp. 334-5-6.

". . . (W)here a separation is attributable to insanity, an action for divorce on the ground of separation will not be granted." s. 8.04, pp. 337-8.

Insanity as the cause of separation in divorce actions is the subject of inquiry and discussion in 19 A.L.R. 2d, Anno: Divorce — Insanity as precluding, pp. 144-185. There it is said:

"The view supported by most cases is that such a statute (providing for divorce based on separation) contemplates that the separating parties must have been separated for the full required period while they were in a normal state of mind, and that a separation, though commencing prior to occurence of the insanity, does not satisfy the requirements of the statute if it has not continued for the required period prior to such occurrence, since after such occurrence the insane spouse's separation is not by his or her voluntary action, and the statute presupposes voluntary separation for the full period. (Parentheses ours)." s. 8, p. 160.

"Mental derangement to an extent rendering the subject incapable of distinguishing between right and wrong, and not a condition of mind of lesser gravity, will constitute a defense to an action for divorce on the ground of adultery. Mere moral bluntness, mental weakness, or licentious disposition, nervousness, or hysteria do not satisfy the requirements of this test." s. 14, p. 174.

Separation occasioned by insanity is cause for divorce in North Carolina only in cases of incurable insanity. And in these cases the requirements of G.S. 50-5 (6) must be met. In all other instances of separation arising by reason of mental incompetency, such separation is not a ground for divorce. But to bar an action for divorce based on two years separation, the mental impairment must be to such extent that defendant does not understand what he or she is engaged in doing, and the nature and consequences of the act. *Lawson v. Bennett, supra.*

The complaint alleges that the parties were separated on 5 July 1954 in consequence of a brain injury suffered by defendant husband "from which he has not recovered." With respect to the extent

of mental impairment it is alleged that defendant is not incurably insane, is merely incompetent to manage his own affairs and was judicially declared to be so on 29 November 1955, a general guardian was then appointed for him, and since the separation there have been occasions during which defendant was rational to the extent that he could form the intention to remain separate and apart from plaintiff.

From these allegations the conclusion is inescapable that the separation arose by reason of the brain injury suffered by defendant, and that he was not then rational to the extent he could form the intention to remain separate and apart from plaintiff. Furthermore, it does not appear from the complaint that defendant has since been mentally competent for a period of time sufficient to bring the case within the provisions of G.S. 50-6.

The fact that plaintiff, prior to the brain injury and separation formed, and expressed to defendant, the intent to separate from him and terminate the marital relationship, and that defendant had formed and expressed a like intent, will not avail to sustain this action. It is clear from the complaint that the separation took place because of the brain injury and not by reason of mutual consent. It is alleged: "On July 5, 1954, the defendant suffered a brain injury from which he has not yet fully recovered. Plaintiff and defendant have lived continuously separate and apart since July 5, 1954 . . . . During the entire period of separation . . . defendant has lived with his father's family." At the time of the separation defendant was mentally incompetent and could not have assented thereto. For divorce based on separation by mutual consent, plaintiff must not only show that she and defendant lived apart for the statutory period, but also that the separation was voluntary in its inception. *Young v. Young, supra; Williams v. Williams, supra.*

The plaintiff was not bound to anticipate all grounds of defense to her action and plead them in her complaint. *Taylor v. Taylor, supra,* at page 82. But we must consider the complaint as drawn.

The judgment below is

Affirmed.