STEWART MOODY v. JEWELL McGUIRE MOODY.

(Filed 28 March, 1945.)

**1. Divorce § 8—**

There being no competent evidence offered, in a divorce action based on the grounds of two years separation, G. S., 50-6, of the living separate and apart by plaintiff and defendant, the court properly allowed a motion for judgment as in case of nonsuit at the close of plaintiff's evidence. G. S., 1-183.

**2. Divorce § 5—**

The statute, G. S., 50-10, requires that the material facts in every complaint for divorce shall be deemed denied, whether the same be actually denied by a pleading or not, and no judgment shall be given in favor of plaintiff until such facts have been found by a jury.

APPEAL by plaintiff from *Warlick, J.,* at October Term, 1944, of AVERY.

This is an action for an absolute divorce under G. S., 50-6, which reads: "Marriages may be dissolved and the parties thereto divorced from the bonds of matrimony on the application of either party, if and when the husband and wife have lived separate and apart for two years, and the plaintiff in the suit for divorce has resided in the State for a period of six months." The plaintiff did not testify, orally or by deposition, but filed a verified complaint. His mother testified: "He (the plaintiff) is now overseas some place, serving with the United States Navy." The defendant filed verified answer containing as a plea in bar the plaintiff's wrongful conduct toward her. The competent evidence tended to show only that the plaintiff and the defendant were married and that the plaintiff had resided in the State of North Carolina for a period of more than six months; that the defendant lived with her father and while she was at her father's home the separation took place; and that the plaintiff was inducted into the Navy about seven months after such separation commenced.

When the plaintiff had introduced his evidence and rested his case the defendant moved to dismiss the action and for a judgment as in case of nonsuit, which motion was allowed, and judgment predicated upon this

MOODY *v.* MOODY.

ruling entered, to which ruling and judgment the plaintiff preserved exceptions and appealed to the Supreme Court, assigning errors.

*J. V. Bowers for plaintiff, appellant.*
*Charles Hughes and Burke & Burke for defendant, appellee.*

SCHENCK, J. We are impelled to hold that, under the evidence in this case, his Honor was correct in sustaining the defendant's demurrer thereto at the close of the plaintiff's evidence, G. S., 1-183, since there was no competent evidence of the living separate and apart by the plaintiff and defendant as contemplated by law. True, paragraph 2 of the complaint, which reads: "That the plaintiff and the defendant have not lived together as man and wife since April 1, 1942," together with the corresponding paragraph of the answer that "Paragraph 2 of the Complaint is not denied," were introduced in evidence, still G. S., 50-10, provides: "The material facts in every complaint asking for divorce shall be deemed to be denied by the defendant, whether the same be actually denied by pleading or not, and no judgment shall be given in favor of the plaintiff in any such complaint until such facts have been found by a jury, . . ."

Without deciding whether an admission of separation in the defendant's answer would be competent as evidence to prove such fact, it will be noted the answer to the second paragraph of the instant complaint is not such an admission. *Perkins v. Perkins,* 88 N. C., 41. It only says the allegation that plaintiff and defendant "have not lived together as man and wife since April 1, 1942," is not denied. Note this paragraph of the complaint does not allege a "separation."

The only competent evidence in the record bearing upon the essential allegation was the testimony of Mrs. Claude Pritchard that "He (the plaintiff) asked her (the defendant) if she was going back. She said: 'No, she couldn't go because she had to stay with her mother.' That was in the spring of 1942. Stewart (the plaintiff) was working at Radford, Va. Stewart told his wife that he had a furnished apartment and had come for her." The testimony of this witness also divulged the fact that the defendant was at this time pregnant. This testimony is not sufficient evidence to carry the case to the jury upon the material facts, the finding of which was a requisite of the plaintiff's alleged cause of action. It follows that his Honor's ruling in sustaining the demurrer to the evidence was correct, and the judgment entered in the Superior Court must be

Affirmed.