JAMES S. YOUNG v. MARY STEWART YOUNG.

(Filed 6 June, 1945.)

**1. Divorce §§ 3, 4—**

In an action for divorce the affidavit, required by the statute in connection with the complaint, is jurisdictional, G. S., 50-8, and a complaint accompanied by a false statutory affidavit, if it be properly so found, would be regarded as insufficient to empower the court to grant a decree of divorce; and the correct procedure for relief against the judgment is by motion in the cause.

**2. Divorce §§ 8, 10—**

On motion in the cause by defendant to set aside a judgment of divorce, granted September, 1944, for alleged two years separation by mutual consent, on the ground that the judgment was fraudulently obtained, where affidavits on the part of the wife, the defendant, show that the parties were married, in Atlanta, Ga., where she lived, on 9 June, 1941, and lived together in Atlanta until plaintiff entered the U. S. Navy (to which he still belongs), when defendant remained with her parents, with plaintiff's approval, spending portions of her time with her husband at various places, visiting his parents, living with plaintiff in 1944 in Washington, where their friends thought them a happy married couple, that she received an allotment from his pay and plaintiff paid her expenses on trips, wrote regularly and sent her checks as late as 29 June, 1944, and she heard of this action first on 1 August, 1944; while plaintiff contents himself with the categorical statement that he did not live with defendant as husband and wife after 15 June, 1942, admitting support and referring to the separation by mutual agreement only as agreed to by defendant in April, 1944, without denying any of the instances of association in defendant's affidavits—there is no sufficient evidence of the separation by mutual agreement and the living separate and apart as is contemplated by statutes, G. S., 50-5 (4), and G. S., 50-6, and plaintiff has practiced imposition upon the court.

**3. Divorce §§ 5, 8—**

As the allegations in a petition for divorce are directed by statute to be sworn to, it is more emphatically required in such a case than in others that the allegations and proofs should correspond; otherwise, the court cannot grant a decree.

**4. Divorce § 2a: Appeal and Error § 8—**

Where a suit for divorce is tried on the theory of separation by mutual consent, to establish his cause of action, the plaintiff must not only show that he and the defendant have lived separate and apart for the statutory period, but also that the separation was voluntary in its inception. There can be no voluntary separation without the conscious act of both parties.

**5. Divorce § 2a—**

For the purpose of obtaining a divorce under G. S., 50-5 (4), or G. S., 50-6, separation may not be predicated upon evidence which shows that during the period the parties have held themselves out as husband and

wife living together, nor when the association between them has been of such a character as to induce others, who observed them, to regard them as living together in the ordinary acceptation of that descriptive phrase.

APPEAL by defendant from *Clement, J.,* at November Term, 1944, of FORSYTH. Error and remanded.

Motion in the cause by the defendant to set aside the judgment in a divorce action, on the ground that the judgment was fraudulently obtained.

At September Term, 1944, of Forsyth Superior Court plaintiff was granted an absolute divorce from defendant for the alleged cause of two years separation by mutual agreement. Service was had upon defendant by publication begun 20 June, 1944, it being alleged that plaintiff was a resident of Forsyth County, North Carolina, and that the defendant was a resident of the State of Georgia. Defendant, who had no actual notice of the divorce action until after verdict and judgment, on 18 September, 1944, moved to vacate the judgment, alleging fraud and imposition upon the court and the defendant, in that plaintiff was not a resident of North Carolina, and that there had been no separation, by agreement or otherwise, up to the time of the divorce.

Upon the affidavits offered the court made certain findings of fact, and thereupon denied defendant's motion. Defendant appealed.

*J. M. Wells, Jr., for plaintiff.*
*W. R. Bentley, Archie Elledge, and Richmond Rucker for defendant.*

DEVIN, J. The defendant's motion to vacate the judgment against her in the divorce action was based upon allegations of lack of jurisdiction for that plaintiff was not a resident of North Carolina, and also for intrinsic fraud in the procurement of the judgment for that it was based upon false and fraudulent allegation of separation by mutual agreement between plaintiff and defendant since 15 June, 1942.

In an action for divorce the affidavit required by the statute in connection with the complaint is jurisdictional, G. S., 50-8, and a complaint accompanied by a false statutory affidavit, if it be properly so found, would be regarded as insufficient to empower the court to grant a decree of divorce; and the correct procedure for relief against the judgment is by motion in the cause. *Woodruff v. Woodruff,* 215 N. C., 685, 3 S. E. (2d), 5.

The court below denied defendant's motion, and based its ruling upon the findings of fact set out in the order. The question presented by defendant's appeal is whether there was evidence to support the findings of fact upon which the ruling was based.

YOUNG *v.* YOUNG.

It may be conceded that there was evidence to sustain the finding that the plaintiff, at the time of the institution of the divorce action, was a resident of Forsyth County. However, the defendant contends that the finding contained in the court's order "that the defendant nowhere in her affidavits alleges that she lived with the plaintiff as husband and wife within two years next preceding the institution of this action," is not borne out by the record, and that the finding that plaintiff and defendant had not so lived together within that period was contrary to the facts disclosed by the testimony.

An examination of the record leads us to the conclusion that the defendant's exception on this point is well taken, and that the court was inadvertent to the import of the defendant's evidence, and that his ruling was based upon findings not warranted by the evidence.

It appears from the affidavits offered by the defendant, in support of her motion, that she was a resident of Atlanta, Georgia, and that plaintiff, whose parents resided in Winston-Salem, North Carolina, was a student at Georgia School of Technology; that upon the day of his graduation, 9 June, 1941, plaintiff and defendant were married, and plaintiff remained in Atlanta, employed by a local power company, until 26 June, 1941, when he entered the U. S. Navy, and still is a member of that branch of the armed forces; that defendant continued to live with her parents in Atlanta though she has spent a portion of the time since with her husband at the various places where he was on shore duty; that in June, 1942, she visited his parents in Winston-Salem, and in June and July and on numerous trips thereafter visited him in Washington; that he sent her checks for her support each month and wrote regularly; that in April, 1944, plaintiff made a brief visit to Atlanta and defendant saw him at her home and at his hotel; that in May, 1944, defendant again went to Washington and her husband met her and they stayed at the Hotel Ambassador for about four days, and then for several days she stayed with a friend in Washington (Mrs. Grainger), where her husband came frequently to see her; that her friend testified "that they both appeared to be very happily married and their actions toward one another were actions that this deponent observed as being two young people very much in love and very fond of each other"; that the expenses of this and other trips were paid by plaintiff; that plaintiff told defendant he was going to be sent away on duty, and wanted her to remain with her parents; that during this visit she told him as she had nothing to do she wished to go into the service, but her husband objected and told her if she would not do so he would have her allotment increased, and at his instance she agreed and returned to Atlanta; that she received checks and letters from him each month, the last written from Miami 29 July, 1944, being received 1 August; that he gave her no notice that

he intended to or was entering suit for divorce; that not hearing from him after 1 August, she made inquiries and then for the first time learned of the divorce action.

The plaintiff, in his answer to the defendant's motion, contents himself with the categorical statement that he did not live with her as husband and wife after 15 June, 1942, but does not contradict the instances of association set out with particularity in defendant's affidavits, and admits he sent her checks each month and wrote her up to 29 July, 1944. The only reference made by him to separation by mutual agreement is that on the occasion of his visit to her in Atlanta in April, 1944, he says "she agreed to the fact that the separation had existed since 15 June, 1942."

Upon this point the court held "that the evidence concerning the mutuality of the separation is conflicting, but the evidence is undisputed that the plaintiff supported defendant until he was granted a divorce from her and the mutuality of the separation is immaterial."

It is apparent that the court was inadvertent to the language of the complaint in the divorce action, G. S., 50-5 (4); *Parker v. Parker,* 210 N. C., 264, 186 S. E., 346; *Woodruff v. Woodruff,* 215 N. C., 685, 3 S. E. (2d), 5; *Williams v. Williams,* 224 N. C., 91, and that the ruling was based upon a misapprehension of the import of the evidence bearing on the question of separation. *Dudley v. Dudley, ante,* 83.

"As the allegations in a petition for divorce are directed by statute to be sworn to, it is more emphatically required in such a case than in others that the allegations and proofs should correspond; otherwise, the court cannot decree a divorce." Headnote in *Foy v. Foy,* 35 N. C., 90.

In *Byers v. Byers,* 222 N. C., 298, 21 S. E. (2d), 898, the effect of the Act of 1937, now G. S., 50-6, upon actions for divorce for two years separation was under consideration, and it was there held, in an opinion by *Justice Seawell,* that as to actions brought under this Act proof of plaintiff's residence in the State and that the husband and wife have lived separate and apart for two years would entitle the plaintiff to a divorce—except where the separation was caused by the wrongful acts of the plaintiff as pointed out in *Byers v. Byers,* 223 N. C., 85, 25 S. E. (2d), 466. See also *Moody v. Moody, ante,* 89, opinion by *Justice Schenck.* This statement of the law as to actions under G. S., 50-6, was upheld in *Taylor v. Taylor, ante,* 80. But in the opinion in that case by *Chief Justice Stacy* it was said: "Of course, the plaintiff may particularize as to the character of the separation by alleging it was by mutual consent, abandonment, etc., in which event if material to the cause of action the burden would rest with the plaintiff to prove the case *secundum allegata,"* citing *Williams v. Williams,* 224 N. C., 91. In *Williams v. Williams, supra,* where the plaintiff relied upon separation

by mutual agreement this Court said, in an opinion by *Justice Barnhill,* "To establish his cause of action, based on separation by mutual consent, plaintiff must not only show that he and defendant have lived apart for the statutory period, but also that the separation was voluntary in its inception. There can be no voluntary separation without the conscious act of both parties." And in *Byers v. Byers,* 222 N. C., 298, 22 S. E. (2d), 902, it was said: "There must be at least an intention on the part of one of the parties to cease cohabitation, and this must be shown to have existed at the time alleged as the beginning of the separation period." *Byers v. Byers,* 222 N. C., 298, 22 S. E. (2d), 902.

In *Oliver v. Oliver,* 219 N. C., 299, 13 S. E. (2d), 549, it was said by *Justice Winborne,* writing the opinion for the Court, "the case was tried upon the theory advanced by plaintiff that their separation was by mutual consent."

Separation, as this word is used in the divorce statutes, implies living apart for the entire period in such manner that those who come in contact with them may see that the husband and wife are not living together. For the purpose of obtaining a divorce under G. S., 50-5 (4), or G. S., 50-6, separation may not be predicated upon evidence which shows that during the period the parties have held themselves out as husband and wife living together, nor when the association between them has been of such character as to induce others who observe them to regard them as living together in the ordinary acceptation of that descriptive phrase. This was the holding in *Dudley v. Dudley,* 225 N. C., 83, in an opinion written for the Court by *Justice Denny.* Separation means cessation of cohabitation, and cohabitation means living together as man and wife, though not necessarily implying sexual relations. Cohabitation includes other marital responsibilities and duties. *Dudley v. Dudley, supra; Williams v. Williams, supra; Woodruff v. Woodruff, supra.*

In the case at bar we think the frequent association of the parties, such as the exigencies of the husband's service in the Navy permitted, the continued exercise by him of marital authority and responsibility, together with total lack of evidence of estrangement or cause for estrangement between these young people, viewed in connection with the plaintiff's concealment from her of his action for divorce for the cause alleged and verified in his complaint, would seem to afford ground for her contention that the plaintiff, for some reason undisclosed, has dealt unfairly with his wife, and that under the forms of law he has practiced imposition upon the court, to her injury.

In justice to the able judge who heard this case below, it may be said that his ruling was made before the opinions of this Court in *Dudley v. Dudley* and *Taylor v. Taylor* were available.

The cause is remanded for further proceedings in accord with this opinion.

Error and remanded.