FLOYD MASON v. LOTTIE H. MASON.

(Filed 20 November, 1946.)

**1. Appeal and Error § 39b—**

Plaintiff's exception to the submission of one of the issues becomes immaterial when the answers to the other issues establish that plaintiff is not entitled to the relief sought.

**2. Divorce § 8b—**

Evidence that less than two years before the institution of the action defendant visited plaintiff at camp and plaintiff visited defendant on furloughs, and that at such times they cohabited as man and wife, *is held* sufficient to negative the conclusion that conjugal relations between the parties had ceased for the period prescribed by the statute, and supports the verdict in defendant's favor and judgment denying plaintiff's suit for divorce on the grounds of two years separation.   G. S., 50-6.

APPEAL by plaintiff from *Clement, J.,* at March Term, 1946, of GASTON.   No error.

Action for divorce on ground of two years separation.   G. S., 50-6. The defendant denied they had lived separate and apart for the statutory period.

The plaintiff and defendant were first married in 1929, divorced in an action by the present defendant in May, 1941, and remarried in December, 1941.   The plaintiff was inducted into the armed forces of the United States in May, 1942, served in Camp Shelby and Camp Pickett until March, 1944, when he went overseas for service in the Pacific Area, returning to this country in July, 1945.   Summons in the present action was issued March, 1945.   Plaintiff testified he separated himself from the defendant in April, 1942, shortly before he entered the Army, and that they had lived separate and apart since that time.

The defendant denied the separation and testified that on visits to the plaintiff while he was in camp and, on his visits home on furlough, they cohabited as man and wife, and that these marital relations continued up to the time plaintiff sailed in March, 1944.

Issues were submitted to the jury and answered as follows:

"1. Were the plaintiff and defendant lawfully married as alleged in the complaint?   Answer: Yes.

"2. Has plaintiff been a resident of North Carolina for a period of six months next preceding the filing of the complaint in this action? Answer: Yes.

"3. Have the plaintiff and defendant lived separate and apart for a period of two years as alleged in the complaint?   Answer: No.

"4. Was said separation due to fault of plaintiff?   Answer: Yes."

*Harley B. Gaston and Willis C. Smith for plaintiff.*
*P. C. Froneberger for defendant.*

DEVIN, J.   The plaintiff assigns error in the action of the trial court in submitting to the jury the fourth issue as to whether the separation was due to the fault of the plaintiff.   However, in view of the verdict on the third issue, by which it was determined by the jury that the plaintiff and defendant had not lived separate and apart from each other

for two years as alleged, the ruling of the court in this respect becomes immaterial.

The evidence offered by the defendant was sufficient to support the verdict, and to negative the conclusion that conjugal relations between husband and wife had ceased for the period prescribed by the statute. *Young v. Young,* 225 N. C., 340, 34 S. E. (2d), 154; *Dudley v. Dudley,* 225 N. C., 83, 33 S. E. (2d), 489; *Byers v. Byers,* 222 N. C., 298 (304); *Woodruff v. Woodruff,* 215 N. C., 685, 3 S. E. (2d), 5.

Likewise, the exception to the judge's charge, when considered contextually and in the light of the verdict, cannot be sustained. Controverted issues of fact as to separation and cessation of cohabitation between the husband and wife were decided by the jury in favor of the defendant, and judgment denying the plaintiff's suit for divorce was properly entered. *Moody v. Moody,* 225 N. C., 89, 33 S. E. (2d), 491; *Taylor v. Taylor,* 225 N. C., 80, 33 S. E. (2d), 492.

In the trial we find