C. E. MALLARD v. MARY BROWN MALLARD.

(Filed 12 December, 1951.)

**1. Divorce § 2a—**

Divorce under G.S. 50-6 may be granted only when the parties (1) have lived apart physically for an uninterrupted period of two years and (2) their physical separation is accompained by an intention on the part of one of them, at least, to cease matrimonial cohabitation.

**2. Same—**

Plaintiff's testimony to the effect that both he and defendant had resided in the State for a period of six months, that they had lived separate and apart for more than two years, and that at the time of separation he intended never to resume matrimonial cohabitation with her, is sufficient to overrule her motion to nonsuit.

**3. Same—**

Defendant's evidence was to the effect that plaintiff separated himself from her solely for the purpose of finding employment and that they mutually intended to resume living together as man and wife under one roof as soon as plaintiff was financially able to furnish shelter and support for defendant and their daughter at the place of his employment. *Held:* An instruction which fails to charge that if the parties, though physically separated, mutually intended to resume marital cohabitation they were not living separate and apart in contemplation of the statute, must be held for error.

APPEAL by defendant from *Grady, Emergency Judge,* at the August Term, 1951, of the Superior Court of ROBESON County.

Civil action under G.S. 50-6 for an absolute divorce on the grounds of two years' separation.

Plaintiff and defendant were married September 5, 1927, and lived together as man and wife from that time until 12 January, 1948, in the

home of defendant's mother in Mooresville, N. C. They have a daughter. Since the day last mentioned, the plaintiff has been working in Dunn, N. C., Lake City, S. C., and Fairmont, N. C., and the defendant and the daughter have been residing in Mooresville, N. C.

This action was begun 18 May, 1950. The complaint, reply, and testimony of the plaintiff made out this case:

On 12 January, 1948, the plaintiff notified defendant that his marital relations with her were unhappy and that he did not intend to live with her in the future. The defendant consented to the plaintiff's proposed course of action. The plaintiff forthwith departed the home in Mooresville, and ever since has resided elsewhere separate and apart from the defendant physically with the intention of never resuming conjugal relations with her. He has worked at Fairmont, N. C., since July, 1948. Although he contributed small sums to her support after leaving Mooresville, he did so simply to fulfill the obligation imposed upon him by law.

The answer denied that there had been any separation of the parties within the meaning of the statute, and pleaded the affirmative defense covered by the fourth issue set forth below. The evidence presented by the defendant tended to show that the plaintiff was destitute and unemployed on 12 January, 1948, and by reason thereof was unable to support his wife and daughter; that the plaintiff left the home of the parties in Mooresville on that day to obtain employment elsewhere, and absented himself from such home from that time until the commencement of the present action in an effort to make provision for his family pursuant to an understanding between him and the defendant that the parties were to resume matrimonial cohabitation just as soon as the financial circumstances of the plaintiff permitted him to furnish a home and support for his wife and daughter at the place of his employment; that from time to time after leaving Mooresville the plaintiff contributed small sums to the support of the defendant in recognition of his marital status and in partial performance of one of his marital duties; and that the plaintiff never intimated to defendant prior to the commencement of this action that he desired or intended to end his conjugal relations with her.

Issues were submitted to and answered by the jury as follows:

1. Were plaintiff and defendant married, as alleged in the complaint? Answer: Yes.

2. Has the plaintiff been a resident of the State of North Carolina for more than six months prior to the institution of this action? Answer: Yes.

3. Was there a separation of the plaintiff and defendant and have they lived separate and apart continuously for more than two years prior to the commencement of this action, as alleged in the complaint? Answer: Yes.

4. If so, was such separation caused by the wrongful and unlawful conduct of the plaintiff, as alleged in the answer? Answer: No.

Judgment was rendered on the verdict granting plaintiff an absolute divorce, and the defendant appealed, assigning the refusal of the judge to enter a compulsory nonsuit and various portions of the charge as error.

*F. LeVerne Adams and F. D. Hackett for plaintiff, appellee.*
*Varser, McIntyre & Henry for defendant, appellant.*

ERVIN, J. While the third issue is phrased in the language of G.S. 50-5 (4), the plaintiff bottoms his case on G.S. 50-6. Moreover, the record reveals that the action was tried under the last mentioned statute in the court below.

G.S. 50-6 specifies that "marriages may be dissolved and the parties thereto divorced from the bonds of matrimony on the application of either party, if and when the husband and wife have lived separate and apart for two years, and the plaintiff or defendant in the suit for divorce has resided in the State for a period of six months."

A husband and wife live separate and apart for the prescribed period within the meaning of G.S. 50-6 when, and only when, these two conditions concur: (1) They live separate and apart physically for an uninterrupted period of two years; and (2) their physical separation is accompanied by at least an intention on the part of one of them to cease their matrimonial cohabitation. *Young v. Young,* 225 N.C. 340, 34 S.E. 2d 154; *Moody v. Moody,* 225 N.C. 89, 33 S.E. 2d 491; *Byers v. Byers,* 222 N.C. 298, 22 S.E. 2d 902.

The testimony adduced by plaintiff is sufficient to establish that each of these things existed at the commencement of the action: That the plaintiff and defendant were husband and wife; that both of them had resided in the State for a period of six months; and that they had lived separate and apart within the meaning of the statute for an uninterrupted period of two years. This being true, the trial judge rightly refused to nonsuit the action. *Taylor v. Taylor,* 225 N.C. 80, 33 S.E. 2d 492.

The defendant assigns as error various portions of the charge in which the judge instructed the jury without explanation or qualification to answer the third issue in favor of the plaintiff, *i. e.,* in the affirmative, in the event it found by the greater weight of the evidence that the plaintiff separated from his wife in the early part of January, 1948, with her consent or knowledge, and remained separate and apart from her for two years. Since the charge is designed to aid the jury clearly to comprehend the case and to arrive at a correct verdict, this instruction must be held for error on the testimony in the instant action. *Lewis v. Watson,* 229 N.C. 20, 47 S.E. 2d 484.

There is sharp conflict between the evidence of the plaintiff and that of the defendant respecting the character of their separation. The testimony for the defendant indicates that the plaintiff was in pecuniary difficulties and out of work in January, 1948; that he thereafter absented himself from the defendant merely to obtain employment and thus make some provision for his family; and that both he and the defendant entertained a mutual intention during their resultant physical separation to resume living together as man and wife under one roof just as soon as the plaintiff was financially able to furnish shelter and support for his family at the place of his employment.

If this evidence is true, the plaintiff and the defendant were not living separate and apart in contemplation of law while they were physically separated. *Byers v. Byers, supra.* Despite its crucial bearing on the third issue, the judge took no note of it in his charge, except to state that the defendant contended that the jury ought to answer such issue in the negative because the plaintiff's "absence from her was simply in search of employment." He did not advise the jury as to whether such contention had any legal validity. *S. v. Herbin,* 232 N.C. 318, 59 S.E. 2d 635.

Since the judge did not explain to the jury the law arising on this testimony, the unqualified instruction challenged by the assignments of error directed the jury to answer the third issue in the affirmative in the event it found by the greater weight of the evidence that the plaintiff and the defendant had lived separate and apart physically for an uninterrupted period of two years, even though their physical separation was not accompanied by an intent on the part of either of them to cease their matrimonial cohabitation.

The instruction was highly prejudicial to the defendant on the present record, and entitles her to a

New trial.