HERBERT C. PICKENS, Plaintiff v.
MARGARET LEONARD PICKENS, Defendant.

(Filed 7 November 1962.)

**1. Divorce and Alimony § 13—**

In the husband's action for divorce on the ground that he and his wife had lived separate and apart continuously for a period of two years next preceding the institution of the action, the husband is not required to establish as a constituent element of his cause of action that he is the injured party, G.S. 50-6, and the sole defense to the husband's right to divorce on such ground is that the separation was caused by the husband's misconduct amounting to his wilful abandonment of her, which

defense the wife must allege and prove, and in the absence of such allegations by her such defense is not presented.

**2. Appeal and Error § 40—**

Where the rights of the parties are determined by the jury's answer to certain of the issues, any error relating to another issue which was submitted but was not raised by the pleadings, cannot be held prejudicial.

**3. Appeal and Error § 43—**

Where the court's remarks during the interrogation of a witness, when considered in context and in light of the evidence, could not have affected the result, any error in the statement cannot be held prejudicial.

**4. Appeal and Error § 42—**

An exception to an excerpt from the charge is not ground for a new trial when it is apparent that the misstatement contained therein, when considered in connection with the pleadings, evidence, issues and the entire charge, could not have misled or confused the jury.

APPEAL by defendant from *Patton, J.,* May Term 1962 of LINCOLN.

Civil action for absolute divorce on the ground plaintiff (husband) and defendant (wife) had lived separate and apart for two years, in which the court submitted and the jury answered these issues:

"1. Has the plaintiff been a resident of the State of North Carolina for more than six months next preceding the institution of this action? ANSWER: Yes.

"2. Were the plaintiff and defendant married as alleged in the Complaint? ANSWER: Yes.

"3. Have the plaintiff and defendant continuously lived separate and apart from each other for more than two years next preceding the institution of this action, as alleged in the Complaint? ANSWER: Yes.

"4. Was the separation brought about by the fault of the plaintiff as alleged in the Answer: ANSWER: No."

The court, on said verdict, entered a judgment of absolute divorce. Defendant excepted, appealed, and sets forth six assignments of error.

*W. H. Childs, Jr., for plaintiff appellee.*
*John R. Friday and C. E. Leatherman for defendant appellant.*

BOBBITT, J.   Plaintiff alleged, as ground for absolute divorce under G.S. 50-6, that he and defendant separated May 8, 1959, and thereafter lived continuously separate and apart from each other.

Answering, defendant denied plaintiff's said allegation and alleged, by way of further answer, defense and plea in bar, the following:

1. That plaintiff, in full recognition of his marital status and in discharge of his marital obligation to support his wife and children,

has continued to support defendant and his two children and, during the past three years, has raised the amount of such support. These allegations bear upon whether there was a "separation" as defined in our decisions. *Williams v. Williams,* 224 N.C. 91, 29 S.E. 2d 39, and cases cited.

2. That, before and after the alleged date of separation, "which has never been with the consent of this defendant, either express or implied," plaintiff, without fault or provocation on the part of defendant, has, in respects set forth, "offered such indignities to the person of this defendant and her two minor children as to render her and their lives intolerable and burdensome." These allegations bear upon whether plaintiff was guilty of such misconduct as would entitle defendant to a divorce from bed and board under G.S. 50-7 or to alimony without divorce under G.S. 50-16. (Evidence offered in support of these allegations refers to plaintiff's conduct at various times when he was residing in the same household with his wife and children.)

Defendant did not seek, by cross action, a judgment for alimony without divorce. G.S. 50-16. Her prayer was that plaintiff's action be dismissed.

G.S. 50-6 creates "an independent cause of divorce." *Byers v. Byers,* 222 N.C. 298, 303, 22 S.E. 2d 902, and *Byers v. Byers,* 223 N.C. 85, 25 S.E. 2d 466, where the history of this statute is set forth.

"Where the husband sues the wife for an absolute divorce upon the ground of two years' separation under G.S. 50-6, he is not required to establish as a constituent element of his cause of action that he is the injured party." *Johnson v. Johnson,* 237 N.C. 383, 385, 75 S.E. 2d 109, and cases cited. If the husband alleges and establishes that he and his wife have lived separate and apart continuously for two years or more next preceding the commencement of the action within the meaning of G.S. 50-6, the only defense recognized by our decisions is that the separation was caused by the act of the husband in wilfully abandoning her. To defeat the husband's case, the wife must allege and establish such wilful abandonment as an affirmative defense. *Johnson v. Johnson, supra,* and cases cited; *Pruett v. Pruett,* 247 N.C. 13, 25, 100 S.E. 2d 296, and cases cited; *Taylor v. Taylor,* 225 N.C. 80, 33 S.E. 2d 492; *McLean v. McLean,* 237 N.C. 122, 125, 74 S.E. 2d 320.

Here, defendant did not allege as an affirmative defense that the separation was caused by plaintiff's wilful abandonment of her. Nor did she allege the separation was caused by plaintiff's alleged misconduct at times when he resided in the same household with her and the children. She denied there had been "a separation."

As indicated, there was no basis in defendant's allegations for submission of the fourth issue. Hence, error, if any, with reference to the court's instructions bearing upon the fourth issue is not prejudicial to defendant; and Assignments of Error Nos. 4, 5 and 6 are overruled.

Assignment of Error No. 1 is formal.

The facts necessary to an understanding of Assignments of Error Nos. 2 and 3 are as follows:

Plaintiff and defendant were married June 6, 1946. Since July 26, 1948, plaintiff has been a member of the United States Coast Guard. Except for periods in 1955-1957, plaintiff has lived where stationed and defendant and the two children have lived in their home in Lincolnton. Plaintiff's evidence tends to show defendant refused to leave Lincolnton and live with him at the various places where he was stationed. Defendant's evidence tends to show that she was willing and wanted to live with him wherever he was stationed but plaintiff insisted that she live in Lincolnton.

All the evidence tends to show plaintiff and defendant lived "separate and apart physically," continuously from a date prior to May 8, 1959. See *Mallard v. Mallard*, 234 N.C. 654, 656, 68 S.E. 2d 247, and cases cited.

As to Assignment of Error No. 2: Plaintiff testified on (first) cross-examination that he had cut the allotment to his wife but was forced to raise it again by the Coast Guard accountant. On (third) cross-examination, plaintiff again testified he had cut his wife's allotment. The record shows: "Q. Then you later raised it, did you not? COURT: He raised it because he had to."

While an exception to the court's said statement appears in the case on appeal, nothing appears to indicate defendant suggested that the judge correct his statement so as to clarify the intended meaning thereof, namely, that *plaintiff had testified* that "(h)e raised it because he had to." Considered in context, we do not think the jury could have understood that the judge was stating as a fact that the Coast Guard had required plaintiff to increase the amount of the allotment to his wife. Moreover, it is noted: Plaintiff testified that on May 8, 1959, he advised defendant by telephone that he was not going to live with her thereafter. Defendant testified plaintiff did telephone her and tell her he was not going to live with her; that she asked him to come home and discuss the matter; and that plaintiff "said he had made up his mind and that's all that matters . . ." Defendant's said testimony would appear sufficient to establish that the physical separation of plaintiff and defendant after May 8, 1959, was "accompanied by at least an intention on the part of one of them to cease their matrimonial cohabitation." *Mallard v. Mallard, supra,* and cases cited.

In the circumstances, the court's statement, if phrased as appears in the record, does not constitute *prejudicial* error.

As to Assignment of Error No. 3: Defendant excepts to a portion of the court's charge with reference to the third issue, to wit: "On the issue of separation he (plaintiff) is only required to satisfy you by the greater weight of the evidence that there has been a separation as I have defined it to you, and that that separation has been continuous, that is without interruption *for more than a year or two* prior to the institution of the action." (Our italics) Obviously, the italicized portion of this excerpt from the charge is erroneous.

This action was instituted December 9, 1961. Plaintiff's allegation and evidence are that he and defendant separated May 8, 1959, and thereafter lived continuously separate and apart from each other. With reference to the third issue, the court instructed the jury: "What the law makes the ground for divorce, is the living separate and apart of the husband and wife continuously, that is without interruption, for more than two years prior to the institution of the action for absolute divorce." Time and again the court instructed the jury that plaintiff was required to establish that he and defendant had lived separate and apart for two years or more prior to the commencement of the action. The court's final instruction with reference to the third issue was as follows: "Now, on issue #3, if the plaintiff has satisfied you from the evidence and by its greater weight, that he and the defendant separated from each other as I have defined the term 'separation' to you, and as I have heretofore said, and you are further satisfied from the evidence and by its greater weight, that that separation continued and it was continuous, that is without interruption, for more than two years prior to December 9, 1961 at the time this action was begun, then, if you are so satisfied by the greater weight of the evidence, you would answer issue #3 'yes.'" Moreover, the very language of the third issue includes the phrase "for more than two years next preceding the institution of this action."

When the pleadings, evidence and entire charge are considered, we do not think the misstatement in the excerpt from the charge challenged by Assignment of Error No. 3 could have misled or confused the jury. Hence, Assignment of Error No. 3 is overruled.

No error.