ZENO H. PONDER, SR. v. NINA LOU RUSTIN PONDER

No. 7624DC519

(Filed 5 January 1977)

**Divorce and Alimony § 13— absolute divorce action — separation for one year — insufficiency of evidence**

> The trial court in an action for absolute divorce did not err in granting defendant's Rule 41(b) motion for dismissal where plaintiff failed to meet his burden of showing that he and defendant lived separate and apart for one year preceding the institution of this action.

APPEAL by plaintiff from *Lacey, Judge.* Judgment entered 30 January 1976, District Court, MADISON County. Heard in the Court of Appeals 17 November 1976.

Plaintiff brought this action for absolute divorce on 26 March 1976, alleging that plaintiff and defendant were married on 14 November 1942 and lived together as husband and wife until 25 January 1974; that all the children born of the marriage are over 18 years of age and emancipated; that the plaintiff and defendant executed agreements, copies of which were attached to the complaint, effecting a complete and final property settlement between them; and that since 25 January 1974 they had lived continuously separate and apart.

Defendant's answer admitted all allegations except the allegation that the parties had separated on 25 January 1974, and had lived separate and apart since that time and that the agreements effected a property settlement between them. She

further averred that she and defendant were married to each other on 14 November 1942 and, except for one brief period in 1972, had lived continuously since that time as husband and wife; that they entered into certain arrangements on 25 January 1974 for the purpose of relieving her of further participation in certain business ventures in which she and plaintiff had been engaged for a number of years but that it was not a property settlement preliminary to or as in integral part of any separation or divorce; that the parties have lived in the same residence in Madison County since 1958 and that " . . . during the period of their marriage the defendant has been a loyal and dutiful wife to her husband and mother to her children and has not at any time separated herself from her husband except for one brief period in 1972 when the parties lived separate and apart for approximately one week but renewed their marital relationship immediately thereafter and the defendant has not at any time abandoned her responsibility to her home and to her children"; and that for more than one year preceding the institution of this action the plaintiff has resided continuously in the residence of the parties and the parties have not at any time during that period lived separate and apart.

At the conclusion of plaintiff's evidence, defendant moved, pursuant to Rule 41(b) for dismissal for that plaintiff had failed to offer evidence sufficient to establish that the parties had lived separate and apart for one year preceding the institution of the action. The court granted the motion, and plaintiff appealed from the judgment entered.

*Ronald W. Howell for plaintiff appellant.*

*Morris, Golding, Blue and Phillips, by William C. Morris, Jr., for defendant appellee.*

MORRIS, Judge.

Plaintiff assigns as error the court's allowing defendant's motion for dismissal pursuant to Rule 41(b) of the Rules of Civil Procedure made at the close of plaintiff's evidence. This is his only assignment of error argued on appeal.

Rule 41(b) provides that

" . . . After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer

evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a)."

The court made the following findings of fact:

"1. This action was instituted on the 26th day of March, 1975, by the filing of a verified Complaint and the issuance of a summons.

2. Service was had upon the defendant by the Sheriff of Madison County on 3 April 1975 in Madison County, North Carolina.

3. Defendant has filed a verified Answer in this cause.

4. Neither the plaintiff nor the defendant has requested a jury trial.

5. The plaintiff and the defendant were married to each other on 14 November 1942 and thereafter lived together as man and wife.

6. The parties presently reside in a residence on Ivy Hill Road in Madison County, North Carolina, and their address is Route 2, Marshall, North Carolina.

7. All children born of the marriage are now more than eighteen years of age.

8. The parties are now residing in the same dwelling house where they have lived together for more than fifteen years.

9. That although the parties sleep in separate bedrooms and have discontinued sexual relations at the present time they occupy bedrooms in the same dwelling house and under the same roof.

10. The defendant prepares meals for the plaintiff to be consumed and which are consumed in the dwelling house where they reside.

11. The defendant uses the same automobile she has used for a number of years and the same is registered in the name of the plaintiff.

12. The plaintiff operates his business from an office located in the residence occupied by the parties.

13. The defendant has not at any time vacated or removed herself from the dwelling house occupied by the parties.

14. Until approximately eight months ago the plaintiff paid all the automobile expenses of the defendant.

15. Other members of the family continue to visit with the plaintiff and the defendant in the residence occupied by the parties.

16. There has been no cessation of cohabitation between the plaintiff and the defendant in the dwelling house they presently occupy.

17. The parties have not lived separate and apart for any length of time immediately preceding the institution of this action and more particularly have not lived separate and apart for one year at any time prior to the institution of this action."

Upon those facts the court concluded that the plaintiff and defendant have not lived separate and apart for any length of time prior to the institution of the action, have not ceased cohabitation as husband and wife, and that plaintiff is not entitled to an absolute divorce.

The facts found are fully supported by the evidence. Plaintiff does not except to any finding. The facts found support the conclusions of law made by the court.

"Separation, as this word is used in the divorce statutes, implies living apart for the entire period in such manner that those who come in contact with them may see that the husband and wife are not living together. For the purpose of obtaining a divorce under G.S., 50-5(4), or G.S., 50-6, separation may not be predicated upon evidence which shows that during the period the parties have held themselves out as husband and wife living together, nor when the association between them has been of such character as to induce others who observe them to regard them as living

together in the ordinary acceptation of that descriptive phrase. This was the holding in *Dudley v. Dudley*, 225 N.C. 83, in an opinion written for the Court by *Justice Denny*. Separation means cessation of cohabitation, and cohabitation means living together as man and wife, though not necessarily implying sexual relations. Cohabitation includes other marital responsibilities and duties. *Dudley v. Dudley*, supra; Williams v. Williams, supra; Woodruff v. Woodruff, supra." Young v. Young, 225 N.C. 340, 344, 34 S.E. 2d 154, 157 (1945).

In this case, the plaintiff has failed in his burden of showing that he and defendant have lived separate and apart for any time preceding the institution of the action. The evidence indicates the contrary. There was nothing in the agreements respecting property entered into by the parties which would indicate that they were settling property rights preparatory to separation or divorce.

The judgment entered by the trial court is

Affirmed.

Judges CLARK and ARNOLD concur.