ROBERT LOUIS TUTTLE v. MARGARET GODFREY TUTTLE

No. 7721DC601

(Filed 6 June 1978)

**Divorce and Alimony § 13.1— absolute divorce—year's separation—social contacts —statutory period uninterrupted**

In an action for divorce based on a year's separation, the trial court erred in holding that the parties resumed the marital relationship when defendant stayed in plaintiff's home for one night for the purpose of visiting her children who resided with plaintiff, even though the parties did not engage in sexual relations or resume the marital relationship, since, where there is no cohabita-

tion nor any intent to resume the marital relationship, interruption of the statutory period should not be found (absent some other extenuating circumstances) from the mere fact of social contact between the parties.

APPEAL by plaintiff from *Alexander (Abner), Judge.* Judgment entered 23 May 1977 in District Court, FORSYTH County. Heard in the Court of Appeals 25 April 1978.

Plaintiff filed this action for divorce based on separation for more than one year. Defendant did not file answer. Plaintiff testified at the trial that he and defendant were married in Texas and that two children were born of the marriage. On 3 January 1976, he and defendant separated and have lived continuously separate and apart from each other ever since. Plaintiff retained custody of the children but encouraged defendant to visit them periodically. Defendant visited his home during the Christmas holidays of 1976 for the sole purpose of visiting her children. She spent one night in the home with plaintiff. The children and other members of plaintiff's family were present. Defendant slept with one of the children, and plaintiff slept in another room. At no time did they have sexual relations or resume the marital relationship.

The court found that "plaintiff and defendant resumed the marital relationship as a result of the defendant staying in the home of the plaintiff during the Christmas holidays of 1976." Plaintiff's plea for absolute divorce based on a one-year separation was denied.

*Graves & Nifong, by Edward M. Ferguson, Jr., for plaintiff appellant.*

VAUGHN, Judge.

There is no evidence in this record that would support a finding that the parties to the lawsuit resumed their marital relationship. The evidence shows that almost a year after defendant left the family home, she returned to visit her children and spent one night with them. In no way does this evidence tend to show that the parties held themselves out as living together. Moreover, such behavior could not reasonably induce others to regard the parties as living together. Where there is no cohabitation nor any intent to resume the marital relationship, interruption of the

statutory period should not be found (absent some other ex-
tenuating circumstances) from the mere fact of social contact be-
tween the parties. Indeed, in this case, plaintiff's attempts to help
maintain contact between his children and their mother should be
commended.

The situation should be distinguished from those where the
physical separation of the parties was not the result of an inten-
tion to sever the marital relationship. *E.g. Mason v. Mason*, 226
N.C. 740, 40 S.E. 2d 204 (1946); *Young v. Young*, 225 N.C. 340, 34
S.E. 2d 154 (1945). In those cases it could reasonably be inferred
that visits between the parties were associations of a character
that could reasonably induce others to regard them as living
together. In the cases cited, the husband was serving in the
armed forces during World War II. Visits between the parties
when the husband was on leave and other circumstances disclosed
in the record of the cases were not consistent with separation
under the statute. In this case, however, the undisputed
testimony of plaintiff was to the effect that the parties have lived
separate since 3 January 1976, and that defendant's visit was
openly for the purpose of visiting her children.

The term "separate and apart" has been interpreted many
times in light of the interest to be protected.

> "Separation, as this word is used in the divorce statutes,
> implies living apart for the entire period in such manner that
> those who come in contact with them may see that the hus-
> band and wife are not living together. For the purpose of ob-
> taining a divorce under . . . G.S., 50-6, separation may not be
> predicated upon evidence which shows that during the period
> the parties have held themselves out as husband and wife liv-
> ing together, nor when the association between them has
> been of such character as to induce others who observe them
> to regard them as living together in the ordinary acceptation
> of that descriptive phrase." *Young v. Young*, 225 N.C. at 344,
> 34 S.E. 2d at 157.

*See also Dudley v. Dudley*, 225 N.C. 83, 33 S.E. 2d 489 (1945);
*Earles v. Earles*, 29 N.C. App. 348, 224 S.E. 2d 284 (1976).

> " 'Separation means cessation of cohabitation, and
> cohabitation means living together as man and wife, though

not necessarily implying sexual relations.' " *In re Estate of Adamee*, 291 N.C. 386, 392, 230 S.E. 2d 541, 546 (1976) (quoting *Young v. Young, supra*).

The court's finding appears to have been based on an erroneous concept of what would legally constitute a resumption of the marital relationship. Plaintiff is, therefore, entitled to a new trial.

New trial.

Judges PARKER and WEBB concur.